IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZACHARY R. E. RUSK,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>COWBOY PROPERTIES, LLC.,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DENYING MOTION TO LIMIT EMAILS<br><br>Case No. 2:16-cv-204 RJS<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

　　　　This matter is referred to the undersigned based upon 28 U.S.C. 636 (b)(1)(B) from Judge Robert Shelby.[1] Pending before the Court are three motions. First, Defendant Cowboy Properties (Cowboy) moves to dismiss this case for failure to state a claim upon which relief may be granted.[2] Second, Plaintiff Zachary Rusk seeks the appointment of counsel.[3] And third, Mr. Rusk also seeks to limit opposing counsel's emails to non-threatening and prohibit any harassment.[4] Mr. Rusk who is acting *pro se*, raises two causes of action in his Complaint: 1) refusal to rent; and 2) retaliation for filing a charge of discrimination. As set forth below the Court DENIES Mr. Rusk's motions and orders him to respond to the Motion to Dismiss within fifteen (15) days from the date of this order.

　　　　Mr. Rusk brings this lawsuit under Title VII of the Civil Rights Act of 1964 for employment discrimination. He also seeks equitable and other relief under 42 U.S.C. §2000e(5)(g). Plaintiff claims the basis of his suit arises from alleged violations of the

---

[1] Docket no. 6.

[2] Docket no. 7.

[3] Docket no. 11.

[4] Docket no. 13.

Americans with Disabilities Act for Cowboy's refusal to rent and that he was refused rent "based on pretext to hide their discriminatory animus in violations of the Americans with Disabilities Act of the Civil Rights Act of 1964, as amended."[5] Attached to Mr. Rusk's Complaint in this case is a large amount of documentation from his complaints to the U.S. Department of Housing and the Utah Anti-Discrimination & Labor Division. Tellingly, also attached to his Complaint is an order from this Court entered in another case, *Rusk v. Fidelity Brokerage Services, LLC*. 2:15-cv-853 JNP-BCW. That order granted in part Mr. Rusk's Motion to Appoint counsel.[6] The Court appointed counsel in that case for the "limited purpose of consulting with Plaintiff and assisting Plaintiff in determining whether he has a cognizable claim for which the Court might grant relief."[7] Counsel was also to review motions in that case and assist Mr. Rusk in how to proceed on a pending motion to dismiss.

The limited appointment of counsel in case no. 2:15-cv-853 does not mean counsel has been appointed in this case, nor does it mean that counsel in that case will assist with this matter. Based on Mr. Rusk's pleadings it appears he is confused regarding the scope of the appointment of counsel. For example, in response to Cowboy's Motion to Dismiss in this case Mr. Rusk quotes an email from the Court regarding the appointment of counsel. Mr. Rusk states he "still had no outreach from the Court Appointed Attounrey [sic] . . . ."[8] Mr. Rusk's response fails to address any of Cowboy's arguments and it does not address the standards found in Rule 12(b)(6). As such it may be proper to simply grant Cowboy's motion. But, because Mr. Rusk is proceeding *pro* se, the Court construes his pleadings liberally and holds his submissions to a less

---

[5] Complaint p. 4, docket no. 3.

[6] *Rusk v. Fidelity Brokerage Services, LLC*. case no. 2:15-cv-853 JNP-BCW, attached as docket no. 3-1 in this case.

[7] *Id.*

[8] Rebuttal p. 2, docket no. 8.

stringent standard than that for formal pleadings drafted by lawyers.[9]  The Court therefore will give Mr. Rusk an additional opportunity to file an opposition to Defendant's motion.

The Court, however, is not persuaded that counsel should be appointed in this case. There is no constitutional right to counsel in civil cases.[10]  Two applicable statutes do authorize the Court to request or appoint counsel for an indigent person.  Under to 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel."[11]  And, "in such circumstances as the court may deem just, the court may appoint an attorney for such complainant" in cases under Title VII.[12]  The Court has briefly considered the merits of Mr. Rusk's claims, the nature and complexity of the factual and legal issues raised and the ability of Mr. Rusk to investigate and present his claims.[13]  The Court notes that the "'burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel.'"[14]  Mr. Rusk has failed to meet that burden here.  Additionally, there is no indication in the record that Plaintiff is incapacitated or otherwise unable to adequately prosecute this case.   Therefore the court will deny the Motion for Appointment of Counsel in this case.  Each case must be looked at separately and the limited appointment of counsel in one matter does not equate to the appointment of counsel in another matter even if it involves the same plaintiff.

---

[9] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[10] *See Moomchi v. Univ. of New Mexico*, 72 F.3d 138, 1995 WL 736292 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir.1989) (citing *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir.1969)).

[11] 28 U.S.C. § 1915(e)(1).

[12] 42 U.S.C. § 2000e-5(f)(1).

[13] *See id.* at 1115; *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[14] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

Finally, the Court has carefully reviewed Mr. Rusk's Motion for Order to Limit Defendant's / Opposing Counsel's Emails[15] and finds it to be without merit.  Mr. Rusk does little to support his motion other than copy a few emails and include them in the motion.  Counsel for Defendant is reminded to follow the Rules of Professionalism and Civility, but the Court fails to find a basis for granting Mr. Rusk's motion at this time.

## ORDER

Accordingly, it is HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel is DENIED.[16]

IT IS FURTHER ORDERED that Plaintiff's Motion to Limit Opposing Counsel's Emails is DENIED.

Finally, the Court ORDERS Mr. Rusk to file an opposition to Defendant's Motion to Dismiss within FIFTEEN DAYS (15) from the date of this order.  A failure to file any opposition to the motion may result in the undersigned recommending that it be granted.

IT IS SO ORDERED.

DATED this 12 May 2016.

Brooke C. Wells
United States Magistrate Judge

---

[15] Docket no. 13.

[16] Docket no. 11.