IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZACHARY R. E. RUSK,<br><br>               Plaintiffs,<br><br>v.<br><br>COWBOY PROPERTIES,<br><br>               Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:16-cv-00204-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

## I.      INTRODUCTION

This matter was referred to the court under 28 U.S.C. § 636(b)(1)(B).  (ECF Nos. 6, 18.)  On

March 21, 2016, the court granted pro se Plaintiff Zachary R. E. Rusk ("Plaintiff") leave to

proceed in forma pauperis. (ECF No. 2.) Plaintiff's complaint alleges that Defendant unlawfully

refused to rent an apartment to Plaintiff. (ECF No. 3.) The court previously granted Defendant's

motion to dismiss because Plaintiff's initial complaint did not allege operative facts to support

his claims. (ECF Nos. 23, 28.) Plaintiff later filed an amended complaint. (ECF No. 29.) The

case is now before the court on Defendant's second motion to dismiss, which seeks alternative

relief in the form of a more definite statement from Plaintiff. (ECF No. 32.) The court ordered

additional briefing. (ECF No. 56.) Both parties submitted supplementary briefing. (ECF Nos.

59–60.) For the reasons set forth below, this court **RECOMMENDS** the District Court **GRANT**

**IN PART AND DENY IN PART** Defendant's motion.

## II.      DEFENDANT'S MOTION TO DISMISS

### a.  Summary of Plaintiff's allegations

The court interprets Plaintiff's complaint liberally because he proceeds pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The following facts are taken from Plaintiff's amended complaint. (ECF No. 29.) Plaintiff claims that on June 30, 2015, he applied to rent a subsidized apartment at an apartment complex operated by Defendant. Plaintiff disclosed his alleged disability, Tourette Syndrome, on the application for housing. Later, Defendant's apartment manager at the complex told Plaintiff that he must submit evidence that his Unemployment Income would not be paid for longer than 26 weeks. Plaintiff suggests two problems with this requirement. First, the form letter Plaintiff received from the Department of Workforce Services ("DWS") awarding benefits indicated that payments lasted only 26 weeks. Second, Plaintiff claims that he and the manager called DWS and a representative told Plaintiff and the manager that a second letter would not be provided, but the representative confirmed that Plaintiff would receive benefits for only 26 weeks. Nonetheless, Defendant's representative insisted that Plaintiff must provide the letter that DWS refused to provide. Plaintiff does not explicitly state whether Defendant then refused to accept Plaintiff's application, or simply denied it. In any event, Plaintiff was not allowed to rent the apartment at issue and claims he suffered $10,000 worth of damages which represents the alleged difference between Defendant's rental rates and market rates. Plaintiff alleges Defendant's true motivation for declining to rent to him is discrimination on the basis of Plaintiff's disability, rather than any need for documents.

Next, Plaintiff alleges that Defendant retaliated against him after he filed a housing discrimination claim with the Denver Regional Office of the U.S. Department of Housing and

Urban Development. Plaintiff alleges that after he filed the housing discrimination charge, a

manager of another of Defendant's properties where Defendant resided, told Plaintiff he would

not receive his packages because the delivery person required a signature. Plaintiff claims that

when he contacted the delivery company, he was told that no signature was required for delivery.

### b.  Legal standards applicable to Rule 12(b)(6) motion

For purposes of the present motion, the court accepts Plaintiff's well-pled factual allegations

as true and must "resolve all reasonable inferences in the plaintiff's favor." *Diversey v. Schmidly*,

738 F.3d 1196, 1199 (10th Cir. 2013). "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged. *Id.* "Nevertheless, conclusory allegations without supporting

factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).  While a pro se complaint must be construed liberally, a

court must avoid acting as advocate for a pro se litigant. *Id.*

### c.  Discussion

#### 1.  Parties' arguments

Defendant argues in its motion to dismiss that Plaintiff failed to plead sufficient factual

matter to support his claim that Defendant is liable for violating the Fair Housing Act. (ECF No.

32.) Defendant criticizes Plaintiff for using run-on sentences, improper formatting and failing to

use "numbered paragraphs as required by Rule 10(b)." Defendant claims it is unable to discern

any potential claim in Plaintiff's complaint. As an alternative to dismissal, Defendant argues

Plaintiff should be ordered to provide a more definite statement pursuant to Rule 12(e). In response to the court's order to address Plaintiff's discrimination and retaliation claims, Defendant filed a supplemental brief. In that brief, Defendant stated it could not decipher Plaintiff's chronology of Defendant's alleged unlawful conduct, the harm Plaintiff claimed that conduct caused, or the legal right Plaintiff believes Defendant violated. (ECF No. 59.) Defendant claimed the retaliation claim suffered from the same deficiencies and also lacked any description of retaliatory conduct.

Plaintiff responded first with a motion to strike Defendant's motion to dismiss (along with several of Defendant's other filings). (ECF. No. 47.) Plaintiff does not specifically target the motion to dismiss. Instead, he calls several of Defendant's motions redundant and argues the motions do not comply with the Federal Rules of Civil Procedure. Plaintiff also filed a reply to Defendant's supplemental brief in which Plaintiff argues that Defendant is simply ignoring the facts pled in his complaint. (ECF No. 60.) Plaintiff then reiterates the claims in his complaint with some additional detail (and makes other allegations not relevant to the present matter).

    2.  <u>Analysis</u>

        A.  *Discrimination claim*

Defendant has not persuaded the court that Plaintiff's discrimination claim is deficient. In its supplemental briefing, Defendant claims Plaintiff's complaint "is entirely lacking of any dates/time" of Defendant's alleged wrongdoing, does not describe any harm Plaintiff suffered, and does not "set forth what *specific* legal right [Plaintiff] believes [Defendant]'s alleged actions violated." (ECF No. 59 at 3 (emphasis original).) The court disagrees. Plaintiff alleges that he applied to rent an apartment from Defendant "on June 30th 2015." (ECF No. 29 at 1.) Plaintiff

alleges that Defendant's actions "caused [Plaintiff] over 10k in capital damages in terms of the

difference between rent rates for which [he] had available at the time, and the rent [Plaintiff]

could have received if [he] was not discriminated against . . ." among other damages. (*Id.* at 3.)

Finally, Plaintiff alleges that Defendant's alleged discrimination violated "Title VIII of the Civil

Rights Act of 1968 (Fair Housing Act)." (*Id.*) While the complaint is not as polished as some

submitted by experienced counsel, the discrimination claim easily meets the notice pleading

standard applicable to a pro se plaintiff.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991) ("if the court can reasonably read the pleadings to state a valid claim on which the plaintiff

could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his

confusion of various legal theories, his poor syntax and sentence construction, or his

unfamiliarity with pleading requirements.").

### B.  Retaliation claim

By a very narrow margin Defendant persuades the court that Plaintiff's retaliation claim

lacks sufficient detail, primarily dates, and Plaintiff should therefore be ordered to provide a

more definite statement. When addressing the retaliation claim, Defendant once again claims that

Plaintiff does not identify a specific legal right he believes Defendant violated. The court cannot

agree because Defendant alleges his "retaliation claim[]" constitutes "a violation of Title VIII of

the Civil Rights Act of 1968 (Fair Housing Act) . . . ." (ECF No. 29 at 3–4.)

Defendant argues that Plaintiff does not properly allege what Defendant did to Plaintiff or

how its actions harmed Plaintiff. This argument is a bit confusing and lacks any reference to the

legal standard applicable to an FHA retaliation claim. To state a prima facie case of retaliation:

> plaintiff must [allege] that (1) []he is a member of a protected class under the Fair
> Housing Act; (2) []he exercised or enjoyed a right protected by Sections 3603

through 3606, or aided or encouraged others in exercising or enjoying such rights;
(3) intentional discrimination motivated defendants' conduct, at least in part; and
(4) defendants' conduct constituted coercion, intimidation, a threat, or
interference on account of plaintiff having exercised, or aided or encouraged
others in exercising, a right protected under Sections 3603 through 3606.

*Zhu v. Countrywide Realty, Co.*, 165 F. Supp. 2d 1181, 1196 (D. Kan. 2001). Plaintiff alleges a

retaliatory act. He claims that after he (a disabled person) made a housing discrimination

complaint to Denver Regional Office of the U.S. Department of Housing and Urban

Development, Defendant refused to accept mail on Plaintiff's behalf. Defendant stated that the

courier refused to leave a certain package unless a signature was provided. When Plaintiff

contacted the sender and the courier, he was told no signature was required. Plaintiff alleges

these actions were retaliatory.[1] Additionally, it is unclear what Defendant intends by arguing a

lack of harm. Harm is not an element of a prima facie FHA retaliation claim. The closest element

to harm is the fourth element regarding coercion, intimidation, threat or interference. Yet,

Defendant does not address this, or any other, element of Plaintiff's prima facie case. This is

particularly puzzling because the court explicitly ordered Defendant to address Plaintiff's

retaliation claim. (*See* ECF No. 56.)

    Next Defendant argues that Plaintiff's complaint is "devoid" of any chronology or

description of Defendant's alleged wrongdoing. While the court finds the complaint is not

"devoid" of any chronology, it agrees that it contains insufficient information. Plaintiff alleges

that Defendant interfered with Plaintiff's receipt of packages and that this occurred only after

Plaintiff made a complaint to the Denver Regional Office of the U.S. Department of Housing and

---

[1] In his supplemental brief, Plaintiff also appears to argue that Defendant took additional
retaliatory actions against him. To the extent Plaintiff intends to make claims based on these
events, he must add the allegations to his complaint. (*See* ECF No. 60 at 9.)

Urban Development. Nonetheless, given the importance of the timing of Plaintiff's complaint in relation to the allegedly retaliatory conduct, the court agrees with Defendant that Plaintiff must provide more detail about the timing of these alleged events. *See Zhu* at 1199. While Plaintiff may not be able to provide the exact dates and times, he must provide the court and Defendant with his best approximation of the dates on which he made his complaint and the dates on which he alleges Defendant retaliated against him.

### C. Notice pleading

Finally, the court rejects Defendant's argument that Plaintiff failed to meet Rule 8's notice-pleading standard. This standard does not exist in a vacuum. Plaintiff's allegations must be measured against the elements of his claims. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). Defendant makes no effort to cite or discuss the elements of Plaintiff's claims. Accordingly, Defendant does not persuade the court that Plaintiff failed to plead sufficient facts to support his claims for discrimination and retaliation under the Fair Housing Act. Likewise, while the court notes that Defendant is correct that Rule 10 requires separately numbered paragraphs, the court does not find Plaintiff's omission here warrants dismissal. Plaintiff should separately number his paragraphs, but in the event he does not, Defendant's should respond as best as it can rather than file further motions regarding paragraph numbers.

## III.    RECOMMENDATION

For the reasons discussed above, this court **RECOMMENDS** the District Court **GRANT IN PART AND DENY IN PART** Defendant's motion to dismiss and **ORDER** Plaintiff to provide a more definite statement. (ECF No. 32.) Specifically, Plaintiff must provide additional detail

concerning the dates of his alleged protected conduct and Defendant's allegedly-discriminatory actions. Likewise, Plaintiff must number the paragraphs of his complaint.

If the District Court adopts this court's Report and Recommendation, Plaintiff may file an amended complaint no later than **fourteen (14) days** after being served with a copy of the District Court's decision adopting this Report and Recommendation.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections.  Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 22nd day of November 2016.          By the Court:

_____
Dustin B. Pead
United States Magistrate Judge