IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,

CENTRAL DIVISION

| | |
|---|---|
| ZACKARY R. E. RUSK,<br><br>               Plaintiff,<br><br>   v.<br><br>COWBOY PROPERTIES,<br><br>               Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br><br>Case No. 2:16-cv-00204-RJS-DBP<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

This case was referred to Magistrate Judge Dustin Pead pursuant to 28 U.S.C. § 626(b)(1)(B).  In his Amended Complaint, Plaintiff Zackary Rusk alleges Defendant Cowboy Properties unlawfully refused to rent him an apartment and retaliated against him after he filed a housing discrimination claim.[1]  Defendant's Second Motion to Dismiss for Failure to State a Claim or Motion for a More Definite Statement is now before the court.[2]

Judge Pead issued a Report and Recommendation on November 23, 2016, recommending the court grant in part and deny in part Defendant's Motion and order Mr. Rusk to provide a more definite statement.[3]  Neither party submitted an objection to the Report and Recommendation within the time allotted.[4]  In the absence of an objection, the court may apply a "clearly erroneous" standard of review when evaluating a Report and Recommendation.  Under

---

[1] Dkt. 29.

[2] Dkt. 32.

[3] Dkt. 69.

[4] *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)–(c) (allowing parties fourteen days to file an objection to a report and recommendation from a magistrate judge).

this standard, the court "will affirm the Magistrate Judge's ruling unless [the court] . . . is left with the definite and firm conviction that a mistake has been committed."[5]

After reviewing the briefing, record, and relevant legal authorities, the court concludes that Judge Pead did not clearly err in his analysis. The court therefore ADOPTS the Report and Recommendation, and grants in part and denies in part Defendant's Motion. (Dkt. 32.) The court orders Mr. Rusk to provide a more definite statement. As stated in the Report and Recommendation, Mr. Rusk may file a Second Amended Complaint, which provides additional detail concerning dates of his alleged protected conduct and Defendant's allegedly discriminatory actions, no later than fourteen (14) days after being served with a copy of this Order.

Mr. Rusk filed a document styled "Reply to docket #69 R&R" on November 28, 2016.[6] It appears Mr. Rusk intended this document to provide the additional details suggested by the Report and Recommendation. To the extent it purports to do so, however, it is premature because the Report and Recommendation had yet to be adopted. The court clarifies that Mr. Rusk must file a Second Amended Complaint with the required detailed information within fourteen days of this Order.

SO ORDERED this 24th day of February, 2017.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[5] *Thompson v. Astrue*, 2010 WL 1944779, at *1 (D. Utah  May 11, 2010) (internal quotation marks and citations omitted).

[6] Dkt. 70.